**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO:**

CHARLES ORLANDO,

    Plaintiff,

v.

ARCHER WESTERN
CONSTRUCTION, LLC,
a Foreign Limited Liability Company,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, CHARLES ORLANDO ("ORLANDO" or "Plaintiff"), pursuant to *29 U.S.C. § 216(b)* files the following Complaint against Defendant, ARCHER WESTERN CONSTRUCTION, LLC ("ARCHER WESTERN" or "Defendant"), alleges as follows:

**INTRODUCTION**

1. Defendant unlawfully deprived Plaintiff of overtime compensation during the course of his employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to recover all overtime wages that Defendant refused to pay Plaintiff during his employment.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, ARCHER WESTERN, was a Foreign limited liability company headquartered at 929 West Adams Street, Chicago, Illinois 60607.

4. During all times material hereto, Defendant, ARCHER WESTERN transacted business, within Miami, Florida, within the jurisdiction of this Honorable Court.

5. During all times material hereto, Plaintiff worked for Defendant, ARCHER WESTERN, at its Miami location at 3201 NW 24th Street Road, Miami, Florida 33142.

6. Defendant, ARCHER WESTERN, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

7. All acts and omissions giving rise to this dispute took place within Miami-Dade County, Florida, which falls within the jurisdiction of this Honorable Court.

8. Defendant, ARCHER WESTERN, regularly transacts business in Miami-Dade County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

9. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

10. Defendant, ARCHER WESTERN, is an open-shop contractor company that provides construction and building services throughout the southern and western regions of the United States.

## FLSA COVERAGE

11. Defendant, ARCHER WESTERN, is covered under the FLSA through enterprise coverage, as ARCHER WESTERN was engaged in interstate commerce during Plaintiff's employment period. More specifically, ARCHER WESTERN's business and Plaintiff's work for ARCHER WESTERN affected interstate commerce because the goods and

materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior or subsequent to Plaintiff's use of the same. Accordingly, Defendant, ARCHER WESTERN was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A)*.

12. During his employment with Defendant, Plaintiff and multiple other employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: cell phones, telephones, cranes, construction gear, pens, pencils, paper, cement, wood, steel, ladders, hammers, saws, utility knives, measuring tapes, concrete, roofing, plywood, pickups, etc.

13. Defendant, ARCHER WESTERN, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, ARCHER WESTERN, an enterprise covered by the FLSA.

14. Upon information and belief, Defendant, ARCHER WESTERN, grossed or did business in excess of $500,000.00 during the years 2018, 2019, 2020, and is expected to gross in excess of $500,000.00 in 2021.

15. During his employment, Plaintiff was a non-exempt employee of Defendant, ARCHER WESTERN, within the meaning of the FLSA.

16. During his employment, Plaintiff (i) did not have supervisory authority over any individuals; (ii) did not make any decisions of importance on behalf of ARCHER WESTERN; and (iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities.

**PLAINTIFF'S WORK FOR DEFENDANT**

17. Plaintiff began working for Defendant in or about May 2020 as a crane operator, and continued to do so until on or about April 14, 2021.

18. During the time period pertinent to this Complaint, Defendant retained the power to hire, fire, discipline, and control company pay practices as they related to Plaintiff.

19. During the time period pertinent to this Complaint, Plaintiff performed non-exempt labor including inspecting and operating construction machinery.

20. During the time period pertinent to this Complaint, Plaintiff was an hourly employee. He was paid at a regular hourly rate of $36.00, and an overtime rate of $54.00 throughout his employment period.

21. Plaintiff worked in excess of forty (40) hours per week in one or more of his workweeks while employed by Defendant.

22. From September through December 2020 of Plaintiff's employment period, Plaintiff regularly worked in excess of forty (40) hours per week.

23. From September through December 2020 of Plaintiff's employment period, Defendant regularly deducted thirty (30) minutes per day from Plaintiff's pay checks, regardless of the number of hours of work Plaintiff performed during those weeks.

24. As a result, from September through December 2020 of Plaintiff's employment period, Plaintiff was not paid his full overtime wages.

25. Therefore, Defendant failed to pay time-and-one-half Plaintiff's regular hourly rate for all hours worked in excess of forty (40) per week during that time period.

### COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207*

26. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 25 as though set forth fully herein.

27. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

28. Plaintiff performed work for Defendant during his employment for which he should have received time-and-one-half his regular hourly rate for hours worked in excess of forty (40) in one or more work weeks.

29. To date, Defendant has not properly paid Plaintiff all of his overtime wages as required by the FLSA.

30. Plaintiff claims the time-and-one-half rate for each hour worked in excess of forty (40) per week for which he was not properly compensated.

31. Defendant willfully and intentionally refused to pay Plaintiff's proper overtime wages as required by the FLSA, as Defendant knew of the overtime requirements of the FLSA, or otherwise recklessly failed to investigate whether Defendant's payroll practices were in accordance with the FLSA during Plaintiff's employment.

32. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

33. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

34. As a result of Defendant's failure and refusal to remedy its violations of the FLSA, Plaintiff is entitled to recover unliquidated damages, liquidated damages, court costs, and reasonable attorney's fees.

WHEREFORE, Plaintiff, CHARLES ORLANDO respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, ARCHER WESTERN CONSTRUCTION, LLC ("ARCHER WESTERN" or "Defendant"), and award Plaintiff: (a)

unliquidated damages to be paid by Defendant, (b) liquidated damages to be paid by Defendant, (c) reasonable attorney's fees and costs to be paid by Defendant, and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, CHARLES ORLANDO, requests and demands a trial by jury on all appropriate claims.

**Dated this 11th day of June 2021.**

    Respectfully Submitted,

    **USA EMPLOYMENT LAWYERS-**
    **JORDAN RICHARDS, PLLC**
    805 East Broward Blvd. Suite 301
    Fort Lauderdale, Florida 33301
    Tel: (954) 871-0050
    *Counsel for Plaintiff, Charles Orlando*

    By: */s/ Jordan Richards*
    JORDAN RICHARDS, ESQUIRE
    Florida Bar No. 108372
    MELISSA SCOTT, ESQUIRE
    Florida Bar No. 1010123
    *Jordan@jordanrichardspllc.com*
    *Melissa@jordanrichardspllc.com*
    *Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on June 11, 2021.

    By: */s/ Jordan Richards*
    JORDAN RICHARDS, ESQUIRE
    Florida Bar No. 108372

## SERVICE LIST: